IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PETER DOMINGO, | § | |
| | § | |
| Defendant Below, | § | No. 284, 2022 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. I.D. No. 2002017428 (N) |
| | § | |
| Appellee. | § | |

Submitted: September 8, 2022
Decided: September 12, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1)     A Superior Court jury found the appellant, Peter Domingo, guilty of first-degree assault, possession of a deadly weapon during the commission of a felony, possession of a deadly weapon by a person prohibited, and first-degree burglary. On July 8, 2022, the Superior Court sentenced Domingo to a total of thirty-three years of incarceration, suspended after thirteen years for decreasing levels of supervision. Domingo was represented by counsel at trial and sentencing.

(2) On August 11, 2022, Domingo filed a *pro se* direct appeal. A timely notice of appeal was due on or before August 8, 2022.[1] The Senior Court Clerk of this Court issued a notice directing Domingo to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6.

(3) In response, Domingo's counsel filed a letter stating that the failure to file a timely appeal was counsel's mistake, as a result of miscommunication concerning Domingo's desire to appeal. At the Court's request, the State also filed a response. The State suggests that, in the interests of justice, the matter should be remanded to the Superior Court with directions to vacate and reimpose Domingo's sentence.

(4) We agree that the interests of justice favor a remand to the Superior Court for resentencing.[2] Upon remand, the Superior Court shall reimpose its July 8, 2022, sentence so that Domingo's counsel will have the opportunity to file a timely appeal.[3]

---

[1] DEL. SUPR. CT. R. 6(a)(iii); *id.* R. 11(a).

[2] *Bowers v. State*, 2022 WL 2942081 (Del. July 25, 2022); *Amaro v. State*, 2013 WL 1087644 (Del. Mar. 13, 2013).

[3] *See* DEL. SUPR. CT. R. 26(a) (setting forth continuing obligations of trial counsel on appeal).

NOW, THEREFORE, IT IS ORDERED, that the matter is REMANDED to the Superior Court for further action in accordance with this order.  Jurisdiction is not retained.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice